c

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MERRIELL R. CUMMINGS | DOCKET NO.:1:14-cv-3362 |
| VERSUS | |
| LA. DEPT. CHILDREN & FAMILY SERVICES | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion to dismiss filed by the State of Louisiana through the Department of Children and Family Services on April 30, 2015 (Doc. 5). Plaintiff, Murriell R. Cummings ("Cummings"), filed an opposition on June 4, 2015 (Doc. 9) and the defendant filed its reply June 9, 2015 (Doc. 10). As all parties have responded and the district judge has referred the matter for Report and Recommendation (Doc. 6), it is ripe and properly before me for consideration.

Factual Allegations

Cummings became a quadriplegic on January 6, 1969. In November 1976, Cummings was hired as a Food Stamp Eligibility Worker for the Department of Social Services. He continued in this role until October 16, 1989, when he was hired by the Department of Social Services as a Vocational Rehabilitation Counselor. On July 31, 2009, Cummings was terminated from his employment with the Department of Social Services because he exhausted his sick leave and Family Medical Leave Act benefits while recovering from post-surgery complications.

On an unknown date, Cummings filed a grievance with the Department of Social Services seeking to overturn his termination. As that attempt was unsuccessful, Cummings filed a claim with the Equal Employment Opportunity Commission on April 15, 2010 alleging he was discharged on the basis of disability in violation of the Americans with Disabilities Act of 1990 ("ADA"). On September 8, 2014, Cummings received notice of his right to sue. Accordingly, he filed this lawsuit on December 3, 2014 against defendant[1] alleging defendant violated Title I of the ADA. Cummings prayed for full back pay, benefits, back wages, compensatory damages, statutory damages, exemplary and punitive damages in excess of $500,000, prejudgment interest, costs, attorney's fees and all other equitable relief.

Defendant responded by filing the instant motion to dismiss arguing this court lacks jurisdiction because the State of Louisiana has not waived sovereign immunity with respect to claims brought under Title I of the ADA.

<u>Law and Analysis.</u>

Defendant contends it is an arm of the State of Louisiana[2] and as such is entitled to sovereign immunity pursuant to the Eleventh Amendment. "The Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department." <u>Voisin's Oyster House, Inc.</u>

---

[1] Because the Department of Social Services was legislatively succeeded by the Department of Children and Family Services ("DCFS") as of July 1, 2010, the DCFS was named as the defendant in this lawsuit.

[2] Cummings does not dispute the defendant is an arm of the state. Even if he did, Louisiana federal courts have found the Department of Children and Family Services is indeed an arm of the state. <u>Schannette v. Doxey</u>, 2013 WL 4516041 (W.D.La.2013), <u>Harmony Center, LLC v. Jindal</u>, 2010 WL 4955168 (M.D.La.2010).

2

v. Guidry, 799 F.2d 183, 185-86 (5th Cir.1986). See Hans v. Louisiana, 134 U.S. 1, 10, 16(1890)(The inherent nature of sovereignty prevents actions against a state by its own citizens without consent). It is well established that the Eleventh Amendment bars private actions for monetary damages for violations of Title I of the ADA. See Fields v. Dept. of Public Safety, 911 F.Supp2d 373 (M.D.La.2012); Johnson v. Blount v. Board of Sup'rs for Southern University, 994 F.Supp.2d 780 (M.D.La.2014); Alleman v. Louisiana Dept. of Economic Development, 698 F.Supp.2d 644 (M.D.La.2010); Williams v. Recovery School District, 859 F.Supp.2d 824 (E.D.La.2012). Thus, the only way the defendant can be subject to suit is if Louisiana has waived its Eleventh Amendment sovereign immunity.[3]

Cummings claims Louisiana did just that when its citizens voted to enact Article 12, §10(A) of the Louisiana Constitution. Article 12, §10(A) provides that "[n]either the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property." Cummings contends this is a "clear[,] unequivocal waiver of any sovereign immunity defense." (Doc. 9, p.2). I find otherwise.

The waiver in Article 12, §10(A) is simply a general waiver of sovereign immunity. It does not waive Eleventh Amendment immunity so that the State of Louisiana may be named as a defendant in federal court. Florida Dept. of Health and Rehabilitative Servs. v. Florida

---

[3] While there are two exceptions to Eleventh Amendment sovereign immunity, abrogation by Congress does not exist with respect claims under Title I of the ADA. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 364 (2001) (The Eleventh Amendment bars federal courts from hearing claims brought by state employees' who seek to recover monetary damages from the state for violations of Title I of the ADA.)

Nursing Home Ass'n., 450 U.S. 147, 150 (1981) (state's general waiver of sovereign immunity did not constitute waiver by state of Eleventh Amendment immunity); Great N. Life Ins. Co. v. Read, 322 U.S. 47, 54-55 (1944)(same); Sherwinski v. Peterson, 98 F.3d 849, 851-52 (5th Cir.1996)(same). To do so, the waiver would have to be "by the most express language or by such overwhelming implications from the text as [would] leave no room for any other reasonable construction.'" Edelman v. Jordan, 415 U.S. 651, 673 (1974), quoting Murray v. Wilson Distilling Co., 213 U.S. 151, 171 (1909). No such language is present in Article 12, §10(A). Accordingly, the State of Louisiana has not waived its Eleventh Amendment immunity and this court lacks jurisdiction.

Based on the foregoing,

**IT IS HEREBY RECOMMENDED** that the defendant's motion to dismiss (Doc. 5) be **GRANTED** and Cummings' claims be dismissed without prejudice.

<u>OBJECTIONS</u>

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely

objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 13th day of July, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE