UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MERRIELL R. CUMMINGS                      CIVIL ACTION NO. 14-CV-03362
         **Plaintiff**

**VERSUS**                                **JUDGE DRELL**

STATE OF LOUISIANA, DEPARTMENT
OF CHILDREN & FAMILY SERVICES             **MAGISTRATE JUDGE KIRK**
         **Defendant**

*************************************************************************

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### MOTION TO AMEND THE COMPLAINT

MAY IT PLEASE THE COURT:

Defendant, State of Louisiana, through the Department of Children and Family Services (DCFS and/or Defendant), submits that the plaintiff should not be allowed to amend their complaint as requested.  This Court lacks subject matter jurisdiction over the claim under the ADA, as asserted in defendants previously filed motion to dismiss, and the claim asserted under the Rehabilitation Act of 1973 was not timely filed.  Allowing the plaintiff to amend would result in undue prejudice to the defendant and would be futile.

#### A.  PERTINENT FACTS

The plaintiff's original complaint was filed on December 3, 2014, and was initiated in this Court with jurisdiction premised on a federal question under the Americans with Disabilities Act.  He asserted, failure to accommodate and discharge, both based on alleged violations of the Americans with Disabilities Act of 2008, 42 U.S.C. §12101, et seq., and 42 U.S.C. §2000e-5.  See Complaint, RD 1, paragraphs 2 and 3.  The plaintiff prays for a judgment against the defendant awarding money damages of full back pay and benefits and/or back wages, compensatory damages, statutory liquidated, exemplary and punitive damages and such other

1

money awards as may be deemed appropriate, interest, costs of suit, attorney's fees.  See RD 1, prayer, page 5.    Mr. Cummings original and amended complaints state he was terminated on July 31, 2009, filed his EEOC claim on April 15, 2010, and received his right to sue notification on September 8, 2014.   (RD 1 and RD12).  On December 3, 2014, the plaintiff filed its original complaint.  On December 31, 2014, service was requested via certified mail return receipt to State of Louisiana, Department of Children and Family Services, through the Attorney General James D. "Buddy" Caldwell, enclosing two (2) copies of a Notice of Lawsuit, Request for Waiver of Service of Summons, and Waiver of Service of Summons. (Exhibit 1).  DCFS is unaware of any other service attempts.

On April 30, 2015, DCFS filed a motion to dismiss claim for lack of subject matter jurisdiction based on eleventh amendment immunity and motion to dismiss claim for punitive damages.  The plaintiff, in his opposition to DCFS's motion to dismiss, conceded to the defendant's objections regarding punitive damages.  Now, the plaintiff has amended his compliant asserting the same claims as alleged violations of Section 504 of the Rehabilitation Act.  The Defendant opposes the amendment as follows.

## B.  LAW AND ARGUMENT

The district court may consider multiple factors, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment.  *Sinclair v. Petco Animal Supplies Stores, Inc*., 581 Fed. Appx. 369 (2014) citing *Jones v. Robinson Property Grp., L.P.*, 427 F.3d. 987, 994. Although leave to amend is liberal it by no means is automatic. *Matias v. Taylors Int'l Servs.,*

*Inc.*, No. CIV.A. 09-3256, 2010 WL 3825402, (E.D. La. Sept. 24, 2010) citing *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir.1981).

FRCP 15 (c) provides that an amendment to a pleading relates back to the date of the original pleading if: A) the law that provides the applicable statute of limitations allows relation back; B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out in the original pleading; or C) the amendment changes the party defendant, asserts a claim that arose out of the conduct, transaction or occurrence set out in the original pleading, and the party brought in by the amendment receives such notice of the action that it will not be prejudiced in defending on the merits, AND know or should have known the action would have been brought against it, but for an error concerning the proper party's identity, within the 120 days allowed by Rule 4(m) for service of the summons and complaint.

Although the ADA does not contain an explicit statute of limitations, the remedial provision of Title VII of the Civil Rights Act of 1964 are incorporated by reference under Title I of the Act 42 U.S.C. § 12117(b) (incorporating by reference 29 U.S.C. § 701 et seq.).  Under § 2000e-5(e), Title VII provides that an EEOC Charge shall be filed within 180 days of the alleged unlawful practice, unless initially filed with a state agency, in which event the Charge must be filed with 300 days of the event.  *Griffin v. City of Dallas,* 26 F.3d 610 (5th Cir. 1994).  The 300-day filing period set forth in § 706(e) of Title VII applies regardless of whether state proceedings are timely filed under state or local law.  See *International Union of Elec., Radio and Mach. Workers, AFL-CIO Local 790 v. Robbins & Myers, Inc.,* 429 U.S. 229, 97 S. Ct. 441, 50 L.Ed.2d 427 (1976).

3

Further, also as in Title VII cases, the plaintiff must file his complaint with 90 days of receiving the right-to-sue letter, 42 U.S.C. § 2000e-5(f)(1); Hinton v. CPC Intern, Inc., 520 F.2d 1312 (8th Cir. 1975).

It is well settled that if suit is filed in a court lacking jurisdiction or proper venue, prescription is not interrupted unless the defendant is served within the prescriptive period.  See La. Civ.Code Ann. Art. 3462; *Washington v. Breaux,* 782 F.2d 553, 554-55 (5th Cir. 1986); *Breaux v. Vicknair,* 507 So.2d 1242, 1243 (La.1987); *LaFargue v. St. Amant,* 433 So.2d 1061, 1062-63 (La.App 1982).  See also *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 299 (5th Cir. 1999), in which the Fifth Circuit held the filing of the suit in state court did not interrupt prescription, because the plaintiff filed suit in an improper venue and did not serve the defendant until one day after the anniversary date of the incident giving rise to the claim, and dismissal of the suit on motion for summary judgment was proper.

On July 22, 2015, the plaintiff filed his motion to amend the complaint asserting claims under the Rehabilitation Act of 1973 in this lawsuit.  Under FRCP 15, because it arises out of the same transaction or occurrence, the amendment, if allowed, would ordinarily relate back to the date of the filing of the original complaint.

However, in this case, the original complaint did not interrupt prescription of the plaintiff's claim under the ADA because it was not filed in a court of competent jurisdiction, based on the Ruling of the U.S. Supreme Court in *Board of Trustees of University of Alabama v. Garrett, supra,* and served on the defendant within the prescriptive period.  La. C.C. art. 3462; *Luckett v. Delta Airlines, Inc., supra; Washington v. Breaux, supra.*

Based on the provisions of Title VII of the Civil Rights Act of 1964 incorporated by reference under Title I of the ADA, the plaintiff was required to file his claim under the ADA

within 90 days of his receipt of the "Right-to-Sue" letter from the EEOC 42 U.S.C. § 12117(B) (incorporating by reference 29 U.S.C. § 701 et seq.).  Mr. Cummings alleges in his complaint and amended complaint that he received the right to sue letter on September 8, 2014.  Thus, the plaintiff had until December 7, 2014, to file his complaint and serve the State with the summons and complaint.  He filed the complaint in this Court on December 3, 2014, and service was requested upon the Department of Children and Family Services on December 31, 2014, via certified mail.  (Exhibit A).  Here, the plaintiff did not serve the State by December 7, 2014, as required to interrupt prescription if the suit is filed in a court that lacks jurisdiction over the claim.   As this Court lacks subject matter jurisdiction over the plaintiff's claim under Title I of the ADA under *Garrett,* the failure to make service on the State within the prescriptive period, which ended on December 7, 2014, the original complaint did not interrupt prescription.   As the original suit did not interrupt prescription, relation back of the amended complaint incorporating the Rehab Act claim to the original complaint is ineffective to make the filing of the claim in the amended complaint timely; therefore, allowing the plaintiff to amend would be futile and unjustly prejudice the defendant in this case.

Additionally, the DCFS was not properly served, furthering the argument that prescription was not interrupted.  Federal Civil Procedure Rule 4(j)(2) states in pertinent part that a state that is subject to suit must be served by either "delivering a copy of the summons and of the complaint to its chief executive officer; or serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Although service upon the attorney general is demanded to properly serve the state in accordance with Rule 4(j)(2) and LSA.R.S. 31:5107, service upon the Department must be made upon the Secretary of the

Department.  La. R.S. 13:5107, as amended, provides in pertinent part as summarized in *Cutler v. State, Dep't of Pub. Safety & Corr.*, 2013-971 (La. App. 3 Cir. 2/12/14), as follows:

§ 5107. Service of citation and process

A. (1) *In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and **service on the attorney general of Louisiana**, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state,* **and** on the **department, board, commission, or agency head** or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

(2) **Service shall be requested upon the attorney general within ninety days of filing suit.** This shall be sufficient to comply with the requirements of Subsection D of this Section and also Code of Civil Procedure Article 1201(C). However, the duty of the defendant served through the attorney general to answer the suit or file other responsive pleadings does not commence to run until the additional service required upon the department, board, commission, or agency head has been made**.**
....

D. (1) *In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action* or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.  (Emphasis added).

Also, R.S. 39:1538 governs claims against the state and requires, in pertinent part:

"(1)  Claims against the state or any of its agencies to recover damages in tort for money damages against the state or its agencies for injury of loss of property, person injury, or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment under circumstances in which the state or such agency, if a private person, would be liable to the claimant in accordance with the general laws of this state, may be prosecuted in accordance with the provisions specified in this Chapter..

6

> (4)  In **actions brought pursuant to this Section, process shall be <u>served upon the head of the department concerned</u>, the <u>office of risk management</u>, and the <u>attorney general</u>, as well as any others required by R.S. 13:5107**…"(emphasis added).

Here, the service upon DCFS was made through the Attorney General by certified mail. (Exhibit 1).  Service upon an agency or subsidiary of the State of Louisiana cannot be effectuated via certified mail. Fed.R.Civ.P. 4(j)(2); *Gilliam v. County of Tarrant,* 94 Fed. Appx. 230 (5th Cir.2004) (citing *Peters v. United States,* 9 F.3d 344 (5th Cir.1993).   In the case of, *Cupps v. Louisiana State Police*, No. CIV.A. 12-0123, 2013 WL 2302688, (M.D. La. May 24, 2013), cited for persuasive purposes, the plaintiffs failed to properly deliver a copy of the summons and complaint to the chief executive officer of the named state agencies, and they also failed to comply with the manner of service prescribed by the state of Louisiana. Louisiana requires personal or domiciliary service on the head of the state agency sued or the attorney general[1]. La. R.S. 13:5107; *Able Security and Patrol, LLC v. State of Louisiana, et al.,* 2008 WL 3539693 (E.D.La.2008).  In suits seeking monetary damages the complaint must be served on three separate persons: the head of the agency, the office of risk management, and the attorney general. La. R.S. 39:1538; *Lewis v. Louisiana Dept. of Transportation and Development et al.,* 2011 WL 3502327 (E.D.La.2011).

Also in *Cupps*, like the case at hand, the defendants received from the plaintiffs, a copy of the Original Complaint and a request for waiver of service pursuant to Fed.R.Civ.P. 4(d)(1), via certified mail.  Release from the requirement of service only occurs when a defendant agrees to comply with the waiver request and the plaintiff files proof thereof in the record. *Cupps, supra, citing Guidry v. American Cyanimid Co.,* 1994 WL 279876 (E.D.La.1994).  Standard

---

[1] La. R.S. 13:5107 was amended in June 2012, as discussed above, requiring service on the agency **and** the attorney general.

practice is for a plaintiff requesting a waiver of service to provide a defendant 30 to 60 days to reply to their request. Fed.R.Civ.P. 4(d)(1)(F). If the deadline passes without receipt of the waiver counsel should resort to ordinary service methods. In *Cupps*, the plaintiffs' counsel failed to timely act after Defendants did not agree to waive service, and ultimately failed to formally serve Defendants within 120 days as required by Fed, R. Civ. P. 4(m).  In the case at hand, defendant did not agree to waiver of service and was not properly and/or formally served within 120 days, much less the prescriptive period.

Therefore, the service that was requested was made outside of the prescriptive period; thus, time barring any suit under the Rehabilitation Act.  Furthermore, the service that was issued was improper.   Allowing the plaintiff to amend would be futile and unduly prejudice the defendant by granting the relation back to a claim that is otherwise prescribed.  Accordingly, the amendment must be disallowed as time barred.

### C.  CONCLUSION

The plaintiff's claim under the Rehabilitation Act of 1973 would be barred by the passage of time.  The same provisions of Title VII of the Civil Rights Act of 1964 governing timeliness of suits under the ADA are applicable to suits under the Rehabilitation Act of 1973. 29 U.S.C. 794a.  Defendant submits that the original complaint filed herein on December 3, 2014, failed to effectively interrupt prescription on the plaintiff's ADA claim because it was filed in a court that lacks subject matter jurisdiction and was not served on the defendant within the prescriptive period, which expired on December 7, 2014.  The claim asserted by the plaintiff under the Rehab Act in the amended complaint is barred by the passage of time because it was not filed within the time limitations prescribed in 42 U.S.C. § 2000e-5(f)(1).  The DCFS, like any other defendant, is entitled to a clear term or time period to when a claim will prescribe.  Allowing the plaintiff to

amend his petition would allow an otherwise prescribed claim to relate back to the date of the original filing and would unduly prejudice the defendant.  The State submits that if the plaintiff is allowed to amend to include his claim under the Rehabilitation Act of 1973 that claim should be dismissed with prejudice because it is time barred, as well as the plaintiff's claim under the ADA for lack of subject matter jurisdiction, rendering such amendment futile and unduly prejudicial to the Department of Children and Family Services.

Respectfully submitted,

JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL

By:  s/LEANNE M. BROUSSARD
**LeAnne M. Broussard (#29977)**
Assistant Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
Litigation Division
P.O. Box 1710
Alexandria, LA  71309-1710
Telephone:  (318) 487-5944
Facsimile:  (318) 487-5826
Attorney for State of Louisiana, through the
Department of Children & Family Services

## CERTIFICATE OF SERVICE

I certify that on this _25th_ day of August, 2015, this **Defendant's Opposition to the Plaintiff's Motion to File Amended Complaint** were electronically filed with the United States District Court using the CM/ECF filing system and that all represented parties to this proceeding received notice of the same through the electronic notification system.

s/LEANNE M. BROUSSARD
OF COUNSEL