U.S DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT - 7 2015

TONY R. MOORE, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MERRIELL R. CUMMINGS** | **CIVIL ACTION NO. 14-3362** |
| -vs- | **JUDGE DRELL** |
| **LA DEPT. OF CHILD AND FAMILY SERVICES** | **MAGISTRATE JUDGE KIRK** |

## MEMORANDUM RULING

Before the court is the Motion for Leave to File Amended Complaint (Doc. 12) filed by plaintiff Merriell R. Cummings ("Plaintiff") in the above-captioned suit. Plaintiff's motion is opposed by defendant Louisiana Department of Child and Family Services ("State").

The court previously adopted the Report and Recommendation of the Magistrate Judge, dismissing Plaintiff's claim under the Americans with Disabilities Act ("ADA") for want of jurisdiction. (Doc. 17). In our Judgment, we retained Plaintiff's Complaint, however, acknowledging Plaintiff's then-pending Motion to Amend, which was still in briefing at that time. (Id.). Having received and reviewed both Plaintiff's motion and the State's opposition, as well as the remainder of the record in this case, we find that Plaintiff's Motion for Leave to Amend should be granted for the reasons explained below.

Fed. R. Civ. P. 15(a) provides that leave to amend should be granted "freely...when justice so requires." Stripling v. Jordan Production Company, LLC, 234 F.3d 863, 872 (5th Cir. 2000). A court's discretion does not permit denial of leave to

1

amend in the absence of a substantial reason, such as undue delay, bad faith, dilatory motive, futility or undue prejudice to an opposing party. Jones v. Robinson Property Group, L.P., 427 F.3d 987, 994 (5th cir. 2005). In the context of Rule 15, "futility" is read to mean that a proposed amendment would not state a claim as to which relief may be granted under Fed. R. Civ. P. 12(b)(6). Stripling, 234 F.3d at 873.

Title VII's procedural constraints are adopted in the Rehabilitation Act. 29 U.S.C. § 794a(a)(1). Accordingly, a claim under the Rehabilitation Act must first be administratively exhausted prior to filing suit. Smith v. Potter, 400 Fed. Appx. 806 (5th Cir. 2010) quoting Prewitt v. United States Postal Service, 662 F.2d 292 304 (5th Cir. Unit A 1981). It is well settled that the scope of a federal suit based upon an EEOC notice of right to sue may be based on the specific complaints of the EEOC charge, but also may include any kind of allegation of discrimination like or related to the charge's allegations, so long as such allegation could be "reasonably...expected to grow out of the initial charges of discrimination." Fellows v. Universal Restaurants, Inc., 701 F.2d 447 (5th Cir. 1983) citing Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970), Gamble v. Birmingham Southern Railroad Company, 514 F.2d 678 (5th Cir. 1975).

The court finds that Plaintiff's proposed amendment bases its new claim under the Rehabilitation Act on the same operative facts as have been asserted since the inception of the suit and, the court presumes, the filing of the EEOC charge. Thus, we find that Plaintiff's purported Rehabilitation Act claim is fairly stated to be within the scope of the EEOC charge, though not expressly listed therein. Significantly, as well, while the State was correct that, under the Eleventh Amendment, the State could not be sued under the ADA, the Rehabilitation Act contains an express waiver of that immunity

where, as is alleged by Plaintiff here, the State receives federal money. (See, Doc. 12-3).

Plaintiff alleges he received a Notice of Right to Sue from the EEOC on September 8, 2014. (Docs. 1, 12-3). Under 42 U.S.C. § 12117(B), Plaintiff was required to file suit within ninety (90) days of receipt of the Notice of Right to Sue. Plaintiff's suit urging a single claim under the ADA was timely, being filed on December 3, 2014. (Doc. 1). Under Fed. R. Civ. P. 4(j)(2) and (m), La. R.S. 31 § 5107 and 39 § 1538, Plaintiff was required to properly serve the attorney general, the office of risk management and the Secretary of the Department of Child and Family Services ("DCFS") within 120 days of filing suit, but service on the attorney general must have been requested within 90 days of the filing of the suit. The State asserts that Plaintiff failed to perfect service on any of the required entities in this matter and, as a result, amendment of the complaint and relation-back of Plaintiff's Rehabilitation Claim to the original complaint is futile. Specifically, the State points out that service by certified mail, as attempted by Plaintiff in this matter, is insufficient under applicable rules. The State urges that, having failed to serve the attorney general, the office of risk management and the Secretary of DCFS, Plaintiff's Rehabilitation Act claim would be subject to dismissal without prejudice. Fed. R. Civ. P. 4(m).

Plaintiff now offers copies of the complaint and requests for waiver of service, sent to both the attorney general and the Secretary of DCFS via certified mail, in support of his motion. (Doc. 21-2, -3). Plaintiff's counsel avers that, upon receiving a Notice of Intent to Dismiss for failure to effect service from the Clerk of Court (Doc. 4), he telephoned defense counsel to ask that they respond on behalf of DCFS. (Doc. 21 at p.

2). Plaintiff's counsel recalls that, by mutual agreement, defense counsel was to file a responsive pleading on or before April 30, 2015 and did file such pleading in the form of Defendant's Motion to Dismiss. (Doc. 5). Plaintiff asserts that the failure of Defendant to raise the defect in service in the prior Motion to Dismiss constitutes waiver of the defense.

Fed. R. Civ. P. 12 (b) instructs that the defense of insufficiency of service of process must be raised in the first "'...defensive move - whether it be a Rule 12 motion or a responsive pleading.'" Golden v. Cox Furniture Manufacturing Company, Inc., 683 F.2d 115 (5th Cir. 1982) quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1391, at 853 (1969). The State's Motion to Dismiss was based solely on the defense of lack of jurisdiction and did not include any reference to insufficiency of service of process under Rule 12(b)(5). The motion likewise reserved no rights, nor made any limiting special appearance. Accordingly, we find that any objection under Rule 12(b)(5) has, indeed, been waived by the State.

Given these findings, the court concludes that Plaintiff's instant motion should be granted, allowing the proposed amendment of Plaintiff's complaint as requested. In so ruling, we reject the State's argument as to futility and, again, find that the State of Louisiana is prohibited from asserting the defense of insufficiency of service of process, having waived such defense earlier in this litigation.

The court will issue an order in conformity with this ruling.

Alexandria, Louisiana
October 7, 2015

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT