UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MERRIELL R. CUMMINGS** | **CIVIL ACTION NO. 14-CV-03362** |
| **Plaintiff** | |
| **VERSUS** | **JUDGE DRELL** |
| **STATE OF LOUISIANA, DEPARTMENT OF CHILDREN & FAMILY SERVICES** | **MAGISTRATE PEREZ-MONTES** |
| **Defendant** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND MOTION TO DISMISS CLAIM UNDER REHABILITATION ACT BASED ON PRESCRIPTION

MAY IT PLEASE THE COURT:

The plaintiff's lawsuit was initiated in this Court with jurisdiction premised on a federal question under the Americans with Disabilities Act. He asserts, failure to accommodate and discharge, both based on alleged violations of the Americans with Disabilities Act of 2008, 42 U.S.C. §12101, et seq., and 42 U.S.C. §2000e-5. See Complaint, RD 1, paragraphs 2 and 3. The plaintiff has now amended his complaint asserting the same claims as alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq and violations of Section 504 of the Rehabilitation Act. This Court lacks subject matter jurisdiction over the claim under the ADA, as asserted in defendants previously filed motion to dismiss. Defendant now re-urges its original motion to dismiss for lack of subject matter jurisdiction as the claim is included in the plaintiff's amended complaint. In addition, the defendant brings a motion to dismiss the claim asserted under the Rehabilitation Act of 1973 as it was not timely filed.

Defendant, State of Louisiana, through the Department of Children and Family Services (DCFS and/or Defendant), submits that the plaintiff's suit should be dismissed in its entirety.

## I. PERTINENT FACTS

The plaintiff's original complaint was filed on December 3, 2014, and was initiated in this Court with jurisdiction premised on a federal question under the Americans with Disabilities Act. He asserted, failure to accommodate and discharge, both based on alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., and 42 U.S.C. §2000e-5. See Complaint, RD 1, paragraphs 2 and 3. The plaintiff prayed for a judgment against the defendant awarding money damages of full back pay and benefits and/or back wages, compensatory damages, statutory liquidated, exemplary and punitive damages and such other money awards as may be deemed appropriate, interest, costs of suit, attorney's fees. See RD 1, prayer, page 5. Mr. Cummings original and amended complaints state he was terminated on July 31, 2009, filed his EEOC claim on April 15, 2010, and received his right to sue notification on September 8, 2014. (RD 1 and RD12 and RD25). On December 3, 2014, the plaintiff filed its original complaint. On December 31, 2014, service was requested via certified mail return receipt to State of Louisiana, Department of Children and Family Services, through the Attorney General James D. "Buddy" Caldwell, enclosing two (2) copies of a Notice of Lawsuit, Request for Waiver of Service of Summons, and Waiver of Service of Summons. (Exhibit 1). DCFS is unaware of any other service attempts.

On April 30, 2015, DCFS filed a motion to dismiss claim for lack of subject matter jurisdiction based on eleventh amendment immunity and motion to dismiss claim for punitive damages. (RD 5). The plaintiff, in his opposition to DCFS's motion to dismiss, conceded to the defendant's objections regarding punitive damages. (RD 9). Now, the plaintiff has amended his

compliant asserting the same claims as alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq and violations of Section 504 of the Rehabilitation Act. The Defendant submits that this court lacks subject matter jurisdiction of the plaintiff's claim under the ADA and the plaintiff's claim under the Rehabilitation Act is time barred.

## II. LAW AND ARGUMENT

### ADA Claim—Subject Matter Jurisdiction

A Fed. R. Civ. P. 12(b)(1) challenge to subject matter jurisdiction may be raised at any time, by any party or by the court. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988). The burden lies with the party invoking the jurisdiction of the court. *Thomson v. Gaskill*, 315 U.S. 442, 62 S.Ct. 673 (1942). Substantively, the pleader may aver jurisdiction, but the actual facts may contradict that averment and show that jurisdiction is absent and that the case must be dismissed. *Gibbs v. Buck*, 307 U.S. 66, 59 S.Ct. 725 (1939) and *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990). In evaluating whether subject matter jurisdiction exists, the court accepts all uncontroverted factual allegations as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683 (1974). The court views the allegations as a whole. If a conclusory averment of subject matter jurisdiction is negated by other allegations in the pleading, the case may be dismissed. *Gibbs*, supra.

A. "Arm of the State"--DCFS

The plaintiff worked in Louisiana's Department of Social Services, which was legislatively succeeded by the Department of Children and Family Services effective July 1, 2010. La. R.S. 36:3, 4; 36:471; 36:474. The Department of Children and Family Services (DCFS), defendant-employer, is an arm of the state of Louisiana, which is a sovereign State of the United States of America. Under the factors established in *Perez v. Region 20 Education*

*Services Center*, 307 F.3d 318,327 (5th Cir.2002), the most significant factor in determining an entity's status as an arm of the state is whether a judgment against it will be paid with state funds. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir.1999), citing *McDonald v. Board of Miss. Levee Comm'rs*, 832 F2d. 901,907 (5th Cir.1987).

Here, as stated above, the Department of Children and Family Services is a state agency, a department under the executive branch, created by the State of Louisiana under R.S. 36:471. Any money judgment against the DCFS will be paid from the State Treasury. Using the six factor test from *Champagne*, the DCFS should be found to be an arm of the state who may assert sovereign immunity in federal court.

B.  <u>Immunity under the Eleventh Amendment under ADA</u>

The Eleventh Amendment of the United States Constitution provides:

> 'The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United State by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Three exceptions exist, which may affect the State's ability to raise its sovereign immunity as a defense: waiver by consenting to suit in federal court; abrogation by Congress by acting pursuant to a grant of constitutional authority; and the *Ex Parte Young* doctrine. The State has clearly not waived its Eleventh Amendment immunity by consenting to suit in federal court, as sovereign immunity is being asserted in this motion. Nor does the doctrine of *Ex Parte Young* apply in this case because no state official has been named a defendant in this suit and no injunctive remedy has been sought by the plaintiff. See *Fields v. Department of Public Safety*, 911 F. Supp. 2d 373, 378 (M.D. La 2012).

Thus only abrogation by Congress acting pursuant to a grant of constitutional authority could preclude dismissal of the plaintiff's suit pursuant to the State's sovereign immunity. While

the defendant acknowledges that Congress placed language attempting to abrogate the States' Eleventh Amendment immunity in the ADA, this attempt is ineffective because, under the Supreme Court's holding in *Garrett*, the abrogation was not pursuant to a valid grant of constitutional authority.  As noted in the opinion in *Garrett, supra*, p. 363, the Supreme Court recognized the United States Congress may, under the authority of the Fourteenth Amendment of the United States Constitution, abrogate the Eleventh Amendment immunity of the States, but the abrogation is valid only when Congress both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority.  *Kimel v. Florida Board of Regents*, 528 U.S. 62, 73, 120 S. Ct. 631, 145 L.Ed.2d 522 (2000).

Congress provided in 42 U.S.C. § 12202 that a state shall not be immune under the Eleventh Amendment of the U.S. Constitution from an action in federal or state court for a violation of that Chapter.  Nevertheless, the Supreme Court held in *Garrett, supra* at p. 360, that Congress did not act within its constitutional authority by subjecting the States to suits in federal court for money damages under the ADA, and such are barred by the Eleventh Amendment.

The Court noted that the established constitutional precepts of the relationship between the federal government and the various States require that, to be constitutional, the rights and remedies created by the ADA against the States must be congruent and proportional to the targeted injury to be prevented or remedied.  In reviewing the legislative history of the ADA, the Court found the data gathered and scrutinized in the course of drafting and passage of the Act failed to establish a pattern of discrimination by the States which violated the Fourteenth Amendment. Id., at p. 374.  The findings that there was persistent discrimination on the basis of disability did not mention such discrimination in employment in the public sector, but only in the private sector.  The court also discussed that the ADA's specified rights and remedies have no

room for the State employer to make rational—and therefore constitutional—hiring or accommodation decisions, such as hiring employees capable of using existing facilities for the purpose of conserving scarce financial resources, for example. Even with the Act's exception that employers can avoid the obligation to provide an accommodation by demonstrating that the accommodation would impose an undue hardship on the operation of the business, the duty of accommodation imposed by the ADA far exceeds what could be constitutionally required of the States. It renders unlawful a range of responses that would be reasonable, and thus constitutional—because the State can show a rational basis for such a response—but would not be considered to impose an undue burden upon the employer under the statute. Id, at pp. 371-72.

There was no established pattern of discrimination by the States against persons with disabilities, which violates the Fourteenth Amendment, and remedies prescribed by Congress were not congruent and proportional to the alleged discrimination against persons with disability. Thus, the Court found a valid grant of constitutional authority under Section 5 of the Fourteenth Amendment was lacking for Title I of the ADA. Thus, to allow the money damages prescribed by the Act to be recovered against a State "would allow Congress to rewrite the Fourteenth Amendment law laid down by the [the U.S. Supreme] Court in *Cleburne*." Id. at p. 374. Accordingly, the Court held that suits for money damages by reason of the States' failure to comply with the previsions of Title I of the Americans with Disabilities Act of 1990 are barred by the Eleventh Amendment. Id. P. 360.[1]

---

[1] This ruling was unchanged by the Supreme Court's holding in the subsequent case of *Tennessee v. Lane*, 541 U.S. 509, 124 S. Ct. 1978, 158 L.Ed.2d 820 (2004) that Title II of the ADA authorizing suits for money damages against the States was a valid exercise of Congress' authority under the Fourteenth Amendment based on the right of individuals to due process of law. See also *Reickenbacker v. Foster*, 274 F.3d 974 (5 CA 2001), in which the claims were based on Title II of the ADA, and was obviously affected by the ruling in *Tennessee v. Lane*, but did not involve the right to due process.

In *Fields v. Department of Public Safety, supra*, p. 381 the district court found that, although neither plaintiff nor defendant raised the issue of the court's jurisdiction over plaintiff's ADA Title I claims, the court was required to note that it lacks jurisdiction over those claims asserted by plaintiff, which fell under Title I of the ADA. Based on the Supreme Court's ruling in *Garrett, supra*, that "Title I of the ADA did not meet the requirements of the "congruence and proportionality" test as the rights and remedies created by the ADA are not "congruent and proportional' to the problem of States' discrimination against employees with disabilities," the district court dismissed the plaintiff's claims under Title I of the ADA for lack of subject matter jurisdiction.

As the State is immune from the plaintiff's suit for money damages herein under *Board of Trustees v. Garrett, supra*, and the Eleventh Amendment of the United States Constitution, and the State has not waived its Eleventh Amendment immunity, this Court lacks subject matter jurisdiction over the matter in controversy under the ADA. Therefore, the claims under the ADA must be dismissed.

Defendant requests this motion to dismiss for lack of subject matter jurisdiction be granted and all of plaintiff's claims under the ADA herein be dismissed with prejudice at plaintiff's cost.

### Rehabilitation Act Claim—Statute of Limitations

FRCP 15 (c) provides that an amendment to a pleading relates back to the date of the original pleading if: A) the law that provides the applicable statute of limitations allows relation back; B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out in the original pleading; or C) the amendment

changes the party defendant, asserts a claim that arose out of the conduct, transaction or occurrence set out in the original pleading, and the party brought in by the amendment receives such notice of the action that it will not be prejudiced in defending on the merits, AND know or should have known the action would have been brought against it, but for an error concerning the proper party's identity, within the 120 days allowed by Rule 4(m) for service of the summons and complaint.

Although the ADA does not contain an explicit statute of limitations, the remedial provision of Title VII of the Civil Rights Act of 1964 are incorporated by reference under Title I of the Act 42 U.S.C. § 12117(b) (incorporating by reference 29 U.S.C. § 701 et seq.). Under § 2000e-5(e), Title VII provides that an EEOC Charge shall be filed within 180 days of the alleged unlawful practice, unless initially filed with a state agency, in which event the Charge must be filed with 300 days of the event. *Griffin v. City of Dallas,* 26 F.3d 610 (5th Cir. 1994). The 300-day filing period set forth in § 706(e) of Title VII applies regardless of whether state proceedings are timely filed under state or local law. See *International Union of Elec., Radio and Mach. Workers, AFL-CIO Local 790 v. Robbins & Myers, Inc.,* 429 U.S. 229, 97 S. Ct. 441, 50 L.Ed.2d 427 (1976).

Further, also as in Title VII cases, the plaintiff must file his complaint with 90 days of receiving the right-to-sue letter, 42 U.S.C. § 2000e-5(f)(1); Hinton v. CPC Intern, Inc., 520 F.2d 1312 (8th Cir. 1975).

It is well settled that if suit is filed in a court lacking jurisdiction or proper venue, prescription is not interrupted unless the defendant is served within the prescriptive period. See La. Civ.Code Ann. Art. 3462; *Washington v. Breaux,* 782 F.2d 553, 554-55 (5th Cir. 1986); *Breaux v. Vicknair,* 507 So.2d 1242, 1243 (La.1987); *LaFargue v. St. Amant,* 433 So.2d 1061,

1062-63 (La.App 1982). See also *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 299 (5th Cir. 1999), in which the Fifth Circuit held the filing of the suit in state court did not interrupt prescription, because the plaintiff filed suit in an improper venue and did not serve the defendant until one day after the anniversary date of the incident giving rise to the claim, and dismissal of the suit on motion for summary judgment was proper.

On July 22, 2015, the plaintiff filed his motion to amend the complaint asserting claims under the Rehabilitation Act of 1973 in this lawsuit. Under FRCP 15, because it arises out of the same transaction or occurrence, the amendment would ordinarily relate back to the date of the filing of the original complaint.

However, in this case, the original complaint did not interrupt prescription of the plaintiff's claim under the ADA because it was not filed in a court of competent jurisdiction, based on the Ruling of the U.S. Supreme Court in *Board of Trustees of University of Alabama v. Garrett, supra,* and served on the defendant within the prescriptive period. La. C.C. art. 3462; *Luckett v. Delta Airlines, Inc., supra; Washington v. Breaux, supra.*

Based on the provisions of Title VII of the Civil Rights Act of 1964 incorporated by reference under Title I of the ADA, the plaintiff was required to file his claim under the ADA within 90 days of his receipt of the "Right-to-Sue" letter from the EEOC 42 U.S.C. § 12117(B) (incorporating by reference 29 U.S.C. § 701 et seq.). Mr. Cummings alleges in his complaint and amended complaint that he received the right to sue letter on September 8, 2014. Thus, the plaintiff had until December 7, 2014, to file his complaint and serve the State with the summons and complaint. He filed the complaint in this Court on December 3, 2014, and service was requested upon the Department of Children and Family Services on December 31, 2014, via certified mail. (Exhibit A). Here, the plaintiff did not serve the State by December 7, 2014, as

required to interrupt prescription if the suit is filed in a court that lacks jurisdiction over the claim. As this Court lacks subject matter jurisdiction over the plaintiff's claim under Title I of the ADA under *Garrett,* the failure to make service on the State within the prescriptive period, which ended on December 7, 2014, the original complaint did not interrupt prescription. As the original suit did not interrupt prescription, relation back of the amended complaint incorporating the Rehabilitation Act claim to the original complaint is ineffective to make the filing of the claim in the amended complaint timely.

Therefore, the requested service was made outside of the prescriptive period; thus, time barring any suit under the Rehabilitation Act.

### III. CONCLUSION

As the State is immune from the plaintiff's suit for money damages herein for claims arising out of the ADA under *Board of Trustees v. Garrett, supra*, and the Eleventh Amendment of the United States Constitution, and the State has not waived its Eleventh Amendment immunity, this Court lacks subject matter jurisdiction over the matter in controversy. Defendant requests this motion to dismiss for lack of subject matter jurisdiction is granted.

The plaintiff's claim under the Rehabilitation Act of 1973 is barred by the passage of time. The same provisions of Title VII of the Civil Rights Act of 1964 governing timeliness of suits under the ADA are applicable to suits under the Rehabilitation Act of 1973, 29 U.S.C. 794a. Defendant submits that the original complaint filed herein on December 3, 2014, failed to effectively interrupt prescription on the plaintiff's ADA claim because it was filed in a court that lacks subject matter jurisdiction and was not served on the defendant within the prescriptive period, which expired on December 7, 2014. The claim asserted by the plaintiff under the Rehab Act in the amended complaint is barred by the passage of time because it was not filed within the

time limitations prescribed in 42 U.S.C. § 2000e-5(f)(1). The DCFS, like any other defendant, is entitled to a clear term or time period to when a claim will prescribe.

The State submits that the plaintiff's claim under the Rehabilitation Act of 1973 should be dismissed with prejudice because it is time barred, as well as the plaintiff's claim under the ADA for lack of subject matter jurisdiction. The DCFS requests that all of plaintiff's claims herein be dismissed with prejudice at plaintiff's cost.

Respectfully submitted,

JEFF LANDRY
ATTORNEY GENERAL

By:  s/LEANNE M. BROUSSARD
**LeAnne M. Broussard (#29977)**
Assistant Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
Litigation Division
P.O. Box 1710
Alexandria, LA  71309-1710
Telephone:  (318) 487-5944
Facsimile:   (318) 487-5826
Attorney for State of Louisiana, through the
Department of Children & Family Services

### CERTIFICATE OF SERVICE

I certify that on this _15th_ day of January, 2016, this Motion to Dismiss and Memorandum in Support of Motion to Dismiss were electronically filed with the United States District Court using the CM/ECF filing system and that all represented parties to this proceeding received notice of the same through the electronic notification system.

s/LEANNE M. BROUSSARD
OF COUNSEL